UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD, | No. 2:16-cv-2829 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR. et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

After having conducted the required screening, the court finds that plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff seeks an order directing the California Board of Parole Hearings (BPH) to release plaintiff on parole. This form of relief cannot be sought in this action because when a state prisoner challenges the legality of his

2

1  custody and the relief he seeks is the determination of his entitlement to an earlier or immediate
2  release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475,
3  500 (1973).
4      Plaintiff also appears to challenge the frequency with which his parole hearings are being
5  held. In his complaint, plaintiff asserts his next parole hearing was to be held in December, 2016.
6  The court has not been notified as to the outcome of that hearing. If plaintiff was denied parole,
7  and if he believes he has some basis for presenting a federal challenge to the scheduling of his
8  next parole hearing, he may do so in an amended complaint.
9      If plaintiff elects to file an amended complaint, plaintiff is informed that the court cannot
10 refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule
11 220 requires that an amended complaint be complete in itself without reference to any prior
12 pleading. This is because, as a general rule, an amended complaint supersedes the original
13 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
14 complaint, the original pleading no longer serves any function in the case. Therefore, in an
15 amended complaint, as in an original complaint, each claim and the involvement of each
16 defendant must be sufficiently alleged.
17     In accordance with the above, IT IS HEREBY ORDERED that:
18     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
19     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
20 shall be collected and paid in accordance with this court's order to the Director of the California
21 Department of Corrections and Rehabilitation filed concurrently herewith.
22     3. Plaintiff's complaint is dismissed.
23     4. Plaintiff is granted thirty days from the date of service of this order to file an amended
24 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
25 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
26 number assigned this case and must be labeled "Amended Complaint." Failure to file an
27 /////
28 /////

1 | amended complaint in accordance with this order will result in a recommendation that this action
2 | be dismissed.
3 | Dated: April 5, 2017

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
saff2829.14